# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY | * | |
| | * | |
| v. | * | Civil No. – JFM-14-3293 |
| | * | |
| KELLY R. BAKER, ET AL. | * | |

******

## MEMORANDUM

State Farm Fire and Casualty Company has brought this action against Kelly R. Baker and Kristie M. Menze seeking a declaration that it has no duty to defend Baker in a suit instituted by Menze against Baker in the Circuit Court for Carroll County, Maryland. In the underlying action Menze has asserted claims for battery, infliction of emotional distress, and negligence. State Farm has filed a motion for summary judgment. The motion will be denied and, although neither defendant has filed a motion for summary judgment, judgment will be entered in their favor declaring that State Farm does have a duty to defend Baker in the underlying law suit. The questions of whether State Farm is obligated to indemnify Baker for any liability imposed upon her in the underlying state court action should be determined after that action has been completed.

I.

Baker provided childcare services to a minor, RJM, Menze's son. Menze picked RJM up from Baker's home after being told that Baker's three-year-old grandson had struck RJM and

1

caused him to bruise. Later, Menze noticed that RJM was bruised, took him to the hospital, and notified authorities, including the Child Protective Services and the Carroll County Advocacy Investigation Center.

Thereafter, Baker was charged with second-degree assault, and on January 23, 2014, on an uncontested statement of facts that was read into the record, she was found guilty of that offense. The statement of facts was as follows:

> [O]n July 25th, 2013, at 5:02[sic], Arrowwood Circle in Mount Airy, Carroll County, Maryland, RJM*, who has a date of birth May xx, xxxx, was dropped off at the daycare provider, which is 502 Arrowwood Circle, by his mother.
>
> When RJM was dropped—RJM was dropped later in the day, RJM mother received a text message from the daycare provider's daughter, a Brittany Baker, and in the text message, it said that RJM had received some bruises on his buttocks, and bruises were caused by another 3-year-old prior[sic] who is the grandson to the daycare provider, the defendant, towards Kelly Baker.
>
> After picking up her son and several days later, RJM's mother noticed that the bruising had turned a shade of blue and purple, and she notified the police. RJM was taken to the hospital by his mother where he was treated for his injuries. A complaint and investigation was initiated through CPS and the Carroll County Advocacy Investigations Center.
>
> During the initial investigation, the defendant was interviewed and she denied causing the injuries to RJM. She stated that those were caused by her 3-year-old grandson using a back scratcher. However, the grandson does not have the strength to cause the injuries. She as re-interviewed, still blamed her grandson, but agreed to take a polygraph.
>
> On August 14th, 2013, the defendant responded to the sheriff's office and ordered to take a polygraph. Prior to the pre-interview questions, she was advised of her rights, which she waived and agreed to take the test and the questions. During the pre-interview questions, before the polygraph was even administered, the defendant confessed to hitting RJM with the back scratcher. She stated that that was on 7-25 because RJM kept touching the cable box and pushing buttons.

2

The defendant stated she had told him several times not to touch the cable box, but he refused to listen and kept touching it.

The defendant stated she used the wooden back scratcher and smacked him with it on his butt, with it at least three times, and when she went to change his diaper, she noticed the area was red and swollen. She iced it down before lunch, hoping it would stop the bruising and keep from getting swollen.

All events occurred in Carroll County, and that would have been the State's case.

Baker was insured by State Farm under a homeowner's policy and a Day Care Provider's Liability Endorsement. Excluded from the policy was "bodily injury . . . (1) Which is either expected or intended by the insured; or (2) Which is the result of willful and malicious acts of the insured."[1]

Thereafter, Menze instituted suit in the Circuit Court for Carroll County against Baker on behalf of RJM.

II.

This case is not an easy one. The Maryland courts have ruled that injuries caused by random violence are not covered under similar policies. *See, e.g., Lititz Mut. Ins. Co. v. Bell*, 724 Md. A.2d 102 (Md. 1999); *Nelson v. Carroll*, 735 A.2d 1096 (Md. 1999).

RJM was approximately one year old at the time of the incident in question. There are many of us who do not condone striking the buttocks of a baby in diapers with a wooden back scratcher. There are others, however, who would say that the purpose of utilizing corporal

---

[1] There was also an exclusion for "personal injury" "caused by violation of the penal law or ordinance committed by or with the knowledge or consent of any insured." Here, however, the allegations in the underlying tort action indicate that RJM suffered "bodily injury" rather than "personal injury."

3

punishment against a child is not to harm the child but to teach him how to behave. However strongly one might implore using physical violence of any kind against a child, we must recognize that others hold a different view. Focusing upon the relevant language of the policy, it cannot be said that a reasonable jury could not find that Baker expected or intended to harm RJM or that she acted maliciously.[2]

The seminal case of *Brohawn v. Transamerican Ins. Co.*, 347 A.2d 842 (Md. 1975) is instructive. There, the Maryland Court of Appeals found that an insurer was under an obligation to defend despite the fact that the insured had pled guilty to assault charges in criminal proceedings. State Farm properly distinguishes *Brohawn* on the ground that in that case there was some ambiguity in the statement of facts upon which the guilty plea was based as to whether the insured's conduct was intentional or negligent. However, in finding that the insurer was under a duty to defend, the Court of Appeals stated that the insured "should be given an opportunity to explain her plea of guilty to the assault charge in the pending tort actions." 347 A.2d at 404. Here, Baker should be given the same opportunity. In particular, she should be given the opportunity to testify (if it is the truth) that she did not intend to harm RJM but rather than teach him not to touch the buttons on a cable box. Of course, the fact that RJM was struck three times and was bruised is troubling. However, again, (if it is true), Baker should be able to

---

[2] One final point should be noted. It may be that we are entering an age in which the use of corporal punishment against a child is deemed inappropriate. However, that is not the point. In this case a reasonable jury could find that Baker acted in a non-malicious manner without expecting or intending RJM to be harmed. To hold as a matter of law that a reasonable jury could not so conclude might be to deprive RJM of an effective remedy in the underlying state court proceeding.

testify that she was not intending to injure the boy and that any excessive striking of him was negligent rather than intentional in nature.[3]

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: 9/24/15

J. Frederick Motz
United States District Judge

---

[3] State Farm suggests that the standard should be one of "intentionality." That, however, cannot be the criterion in a vehicular accident case speeding may well be intentional. Likewise, in a medical malpractice case, the defendant may have engaged in a medical procedure that had untoward effects.

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 SEP 24 PM 12:08
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY